IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

| | |
|---|---|
| In re Avi Schwalb,<br><br>Debtor. | **Case No. 25-3624-RMR**<br>**Bankruptcy No. 25-12666-JGR** |

**ORDER DENYING RENEWED EMERGENCY MOTION**

**I.   INTRODUCTION**

Appellant Avi Schwalb appeals the Bankruptcy Court's *Minute Order* [Bankr. ECF No. 269] from the Bankruptcy Court's October 29–30, 2025 hearing (the "Hearing"), which converted the bankruptcy proceeding from chapter 11 to chapter 7, and related *Judgment* [Bankr. ECF No. 270] (collectively referred to as the "Conversion Order"). Although not identified in Appellant's notice of appeal, following entry of the Conversion Order, the Bankruptcy Court also entered an *Order After Conversion of Case Under Chapter 11 to Case Under Chapter 7* [Bankr. ECF No. 271] ("After Conversion Order"). Subsequently, Appellant filed two *Emergency Motions for Stay Pending Appeal* [Bankr. ECF Nos. 313, 314] with the Bankruptcy Court, which the Bankruptcy Court denied in its *Order Denying Motions for Stay Pending Appeal* [Bankr. ECF No. 325] ("Order Denying Stay").

Subsequently, Appellant sought a stay in this Court.[1] On December 24, 2025, the Court denied Appellant's request for a stay [ECF No. 30] (the "Order") based on

---

[1] On December 3, 2025, Appellant filed an *Emergency Motion for Stay Pending Appeal* with this Court [ECF No. 23].

1

Appellant's failure to comply with Federal Rule of Bankruptcy Procedure 8007(b)(2)(B) and (b)(3)(C).[2] On December 30, 2025, Appellant filed a *Renewed Emergency Motion for Stay Pending Appeal* [ECF No. 31] (the "Renewed Emergency Motion").

## II.   LEGAL STANDARD

Federal Rule of Bankruptcy Procedure ("Rule") 8007 provides that this Court may issue a stay of an order pending appeal.[3] The party requesting a stay bears the burden of showing that the circumstances justify an exercise of the court's discretion.[4] The Tenth Circuit has adopted the preliminary injunction standard as the standard for granting or denying a stay pending appeal.[5] Thus, a movant seeking a stay pending appeal must show (i) a likelihood of success on the merits of the appeal; (ii) the likelihood the movant will suffer irreparable injury unless the stay is granted; (iii) a stay will substantially harm other interested parties; and (iv) the public interest will be served by granting a stay.[6]

The first two factors are the most critical.[7] It is not enough that the chance of success on the merits is "better than negligible."[8] The mere possibility of success on the merits is insufficient for the likelihood of success factor.[9] Additionally, the threat of irreparable harm can be found "where denial of stay would risk mooting an appeal that raises significant claims of error" but the seriousness of that threat is "inextricably related to appellant's likelihood of success on the merits."[10]

---

[2] Order at 5–6.
[3] Fed. R. Bankr. P. 8007(b).
[4] *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). *See also In re Morreale*, No. 15-CV-0008-WJM, 2015 WL 429502, at *1 (D. Colo. Jan. 30, 2015) (unpublished) ("The burden of proof is on the applicant for a stay pending appeal, and it is a heavy burden.").
[5] *Warner v. Gross*, 776 F.3d 721, 728 (10th Cir.), *aff'd sub nom. Glossip v. Gross*, 576 U.S. 863 (2015) (adopting the preliminary injunction standard as the standard for granting or denying a stay pending appeal).
[6] *McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996).
[7] *Nken*, 556 U.S. at 434.
[8] *Id.*
[9] *Id.*
[10] 6A Bankr. Service L. Ed. § 58:262 (citing *In re BGI, Inc.*, 504 B.R. 754 (S.D.N.Y. 2014)); *see also* 9E

### III. APPELLANT'S ARGUMENTS

Pursuant to Rule 8007, Appellant seeks a stay of the Conversion Order and suspension of chapter 7 trustee actions and asks the Court to "prohibit interference with non-debtor PHS Rent LLC" and set, waive, or reduce a bond as appropriate.[11] In support, Appellant argues that the Conversion Order is likely to be reversed because the Bankruptcy Court "did not identify statutory 'cause' under 11 U.S.C. § 1112(b)(4), did not apply the mandatory exception under § 1112(b)(2), and made no findings of continuing loss, mismanagement, or estate deterioration."[12]

Additionally, Appellant contends he is likely to succeed on appeal because the Bankruptcy Court violated Rule 7052 by failing to make "written findings of fact or conclusions of law" and the "[i]ncorporation of oral findings [wa]s insufficient where the court expressly declined to resolve disputed facts or conduct an evidentiary hearing."[13] Appellant notes that, although the Conversion Order states that oral findings and conclusions were made of record, and argues that the Hearing transcripts "confirm that the Bankruptcy Court expressly declined to make findings of fact and relied instead on untested allegations."[14] According to Appellant, during the Hearing, the Bankruptcy Court stated that it was "not making findings of fact" and was proceeding based on "credible allegations," without testimony or admitted evidence.[15] Appellant also argues that the After Conversion Order reflects legal error because it states that the case was converted "pursuant to 11 U.S.C. § 1112(a)," even though § 1112(a) "governs voluntary conversion

---

Am. Jur. 2d Bankruptcy § 3755 (Irreparable harm can "be found where there is a risk of mooting *significant claims of error*.") (emphasis added).
[11] Renewed Emergency Motion at 3.
[12] *Id*. at 1.
[13] *Id.*
[14] *Id*.
[15] *Id*.

3

by a debtor," and conversion here was "creditor-initiated and opposed by the debtor."[16]

As to irreparable harm, Appellant asserts that "since denial of the stay, the Chapter 7 Trustee has continued to assert control over property operations, including interference with non-debtor PHS Rent LLC, issuing management directives, and redirecting rents," and that these actions "irreversibly alter control and business relationships and threaten to moot the appeal."[17] Appellant further alleges that "third-party interference with day-to-day operations has escalated," including efforts by a newly installed or proposed property management company to "recruit/replace PHS Rent LLC's existing property manager," which Appellant contends "threatens continuity of property operations, tenant communications, maintenance response, and vendor relationships."[18] Finally, Appellant contends that "secured creditors are protected by collateral," that "unsecured creditors hold unliquidated claims and no judgments," and that "any potential delay-related concern can be fully mitigated through a bond pursuant to Fed. R. Bankr. P. 8007," which Appellant now offers to post in an amount set by the Court.[19]

Appellant also asserts there will be no substantial harm to creditors and does not address the public interest. Finally, Appellant contends that the procedural deficiencies identified by this Court in its Order have now been cured as he now incorporates the complete Hearing transcripts, addresses the Bankruptcy Court's stated reasons for denying a stay, identifies legal and procedural defects in the Bankruptcy Court orders, demonstrates ongoing irreparable harm, and expressly offers to post a bond.[20]

## IV. DISCUSSION

---

[16] *Id*. at 2.
[17] *Id*.
[18] *Id*. at 2.
[19] *Id*. at 1.
[20] Renewed Emergency Motion at 1.

4

Although the Renewed Emergency Motion cures the procedural deficiencies identified in the Order, Appellant still has not satisfied the substantive requirements for a stay pending appeal.

### A.  Likelihood of Success on the Merits of the Appeal

Appellant's claim of likelihood of success on the merits of the appeal is unpersuasive. Conversion or dismissal of a chapter 11 case is governed by § 1112(b)(1), which provides that "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause[.]"[21] This section

> establishes a two-step process for considering the question of conversion or dismissal. The Court first determines whether there is 'cause' to convert or dismiss, and if cause is found, the Court considers whether conversion or dismissal . . . [is in the] best interest of creditors and the estate.[22]

Section 1112(b)(4) contains a *nonexclusive* list of grounds that constitute cause for conversion or dismissal. Section 1112(b)(2) provides that a court may not dismiss or convert if the court "identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate and the debtor or other party in interest establishes that" there is a reasonable likelihood that a plan will be confirmed within the statutory timeframes and the grounds for converting or dismissing the case include an act or omission of the debtor, other than those under § 1112(b)(4), for which there exists a reasonable justification and can be cured within a reasonable amount of time.

Here, the transcript reflects the Bankruptcy Court did not expressly identify

---

[21] 11 U.S.C. § 1112(b)(1).
[22] *In re Sandia Resorts, Inc.*, 562 B.R. 490, 494–95 (Bankr. D.N.M. 2016)

5

statutory cause under § 1112(b)(4) or apply the exception set forth in § 1112(b)(2). That said, the Bankruptcy Court did identify the relevant two-part standard under § 1112 for determining whether to grant a motion to dismiss or convert a chapter 11 case.[23] First, the Bankruptcy Court determined there was cause: "the debtor admits there's cause for dismissal of his case. He doesn't want to pursue a chapter 11."[24] Then, the Bankruptcy Court analyzed the best interests of the creditors and the estate, referencing the factors outlined in *Sandia Resorts*, and determined that conversion was warranted.[25]

There is no error in failing to explicitly analyze § 1112(b)(4) or § 1112(b)(2). Section 1112(b)(4) contains a nonexclusive list, and the record supports that Appellant did not want to pursue a chapter 11 case and, thus, cause existed for dismissal or conversion.[26] Further, the transcript indicates that Appellant failed to argue how § 1112(b)(2)'s applicability before the Bankruptcy Court—§ 1112(b)(2) is inapplicable as Appellant admitted there was no possibility of reorganization—and also fails to argue how § 1112(b)(2) is applicable before this Court.

Additionally, while Rule 7052 requires the Bankruptcy Court to "find the facts specially and state its conclusion of law separately," it does not require written findings; findings and conclusions may be stated on the record.[27] Next, to the extent Appellant argues the oral findings were insufficient because the Bankruptcy Court failed to conduct an evidentiary hearing, Appellant indicated that he did not think an evidentiary hearing was needed and did not request one[28] and, thus, Appellant has waived any arguments in

---

[23] Oct. 30, 2025 Tr. at 14.
[24] *Id.* at 13.
[25] *Id.* at 17–19 (citing *In re Sandia Resorts, Inc.*, 562 B.R. at 490).
[26] Oct. 29, 2025 Tr. at 9 ("Mr. Schwalb has determined that there really is no possibility of reorganization any longer and no purpose served by this chapter 11, which is why we are seeking dismissal.").
[27] Fed. R. Civ. P. 52(a), made applicable to contested matters by Fed. R. Bankr. P. 9014.
[28] Oct. 29, 2025 Tr. at 36–37 ("We do not favor an evidentiary hearing.").

connection with the Bankruptcy Court's failure to conduct an evidentiary hearing.[29] Finally, Appellant quotes the Bankruptcy Court out of context here. Based on a review of the transcript, the Bankruptcy Court made the requisite findings of fact. Following offers of proof from the parties, the Bankruptcy Court stated, "the decision today is based upon the record before the Court and this record indicates the following,"[30] and proceeds to state the facts supported by the record.[31] The Bankruptcy Court notes,

> [T]he creditors committee has made credible allegations that I'm going to set forth here. But I want to emphasize that these are allegations, and that I don't think it's necessary for me to make any findings of fact or conclusions of law on whether the allegations the creditors committee has in their objection to the motion to dismiss will ultimately carry the day.[32]

In other words, the Bankruptcy Court emphasized that it is not making any factual findings *about whether the creditors' committee's allegations will ultimately succeed*; not that it is not making any factual findings whatsoever. The Bankruptcy Court goes on to mention authority for factors courts rely on in determining whether dismissal or conversion is appropriate, concludes that these factors weigh in favor of conversion, and assesses several of the factors before ordering conversion.[33] Thus, there is no failure to comply

---

[29] "A party's failure to timely challenge purported errors . . . ordinarily means he cannot prevail [on appeal] unless he [can show plain error]. . . . Simply put, our general rule is that a litigant must lodge an objection to a purported error while the [lower] court still has an opportunity to fix it." *Cornhusker Cas. Co. v. Skaj*, 786 F.3d 842, 864 (10th Cir. 2015). And, failure to do so "surely marks the end of the road for an argument for reversal not first presented to the [lower] court." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011). S*ee also McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002) (holding arguments not raised before the trial court are waived, whether a "bald-faced new issue or a new theory on appeal that falls under the same general category"); *Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 721 (10th Cir. 1993) (stating a party may not lose on one theory at trial and prevail on a different theory on appeal).
[30] Oct. 30, 2025 Tr. at 7.
[31] *Id.* at 7–14.
[32] *Id.* Appellant's counsel also highlighted that "[T]he debtor would like me to emphasize, if I could, that the -- as the Court noted, the debtor vigorously denies any of the criminal allegations made against him, recognizes that the Court did not make any factual findings in connection with those allegations, and would implore the Court to refrain from making any factual findings concerning the allegations until he's had his day in court, in criminal court, where he fully expects to be found not guilty, and he maintains that he is not guilty." *Id.* at 20. And the Court agreed to do so. *Id.*
[33] *Id.* at 17–19.

with Rule 7052.

While the Order After Conversion states that the Bankruptcy Court "rendered an oral ruling converting the within case to Chapter 7 . . . pursuant to 11 U.S.C. § 1112(a)"[34] and § 1112(a) governs voluntary conversion by a debtor, Appellant did not appeal the Order After Conversion and, thus, it is difficult to see how he could be successful in reversing that order. Moreover, the transcript shows the Bankruptcy Court applied § 1112(b) in its oral ruling not § 1112(a).[35] Such that, even if the reference to § 1112(a) in the Order After Conversion was error, it does not warrant reversal of the Conversion Order or the Order After Conversion. Thus, Appellant has not met his burden of showing he is likely to succeed on appeal on the issues he raises, and this factor weighs against granting a stay pending appeal.

### B.     Likelihood that Appellant Will Suffer Irreparable Harm

Appellant's claim of irreparable harm also remains unpersuasive. Although the Renewed Emergency Motion identifies developments that were not before the Court when it denied the initial stay, those developments still do not demonstrate a threat of irreparable harm.

Appellant's allegations reflect ongoing administration of the estate following conversion rather than imminent or irreversible harm. As the Bankruptcy Court previously observed, "the liquidation of assets in a chapter 7 bankruptcy case is [an] orderly process with sales of properties and distributions to secured and unsecured [creditors] subject to notice and hearing in the future," and "[t]here is no threat of immediate or irreparable

---

[34] Bankr. ECF No. 271.
[35] October 30, 2025 Tr. at 13 (The Bankruptcy Court stated it was "then charged with determining whether dismissal or conversion is in the best interests of the estate and its creditors under Bankruptcy Code § 1112(b)(1)."

harm."[36]

Even if the continued chapter 7 administration would moot the appeal, this fact, standing alone, does not demonstrate irreparable injury as Appellant fails to show a likelihood of success on appeal.[37] Although Appellant relies on *In re Paige* for the proposition that "the risk of equitable mootness constitutes irreparable harm,"[38] that decision does not support this assertion. *Paige* addresses equitable mootness as a prudential doctrine governing whether an appellate court should decline to reach the merits of a confirmed chapter 11 plan; it does not analyze irreparable harm under Rule 8007 or suggest that the risk of mootness satisfies that requirement.[39]

### C.   Whether the Stay Will Substantially Harm Other Parties

Despite Appellant's assertion that "[a] temporary pause harms no one,"[40] unsecured creditors may in fact be harmed by a stay due to the delay in the liquidation of assets. Although Appellant now offers to post a bond, the Renewed Emergency Motion does not demonstrate that such a bond would fully mitigate the prejudice resulting from delayed administration. Accordingly, this factor weighs against granting a stay pending

---

[36] Order Denying Stay at 6.

[37] 6A Bankr. Service L. Ed. § 58:262 (citing *In re BGI, Inc.*, 504 B.R. 754 (S.D.N.Y. 2014) ("There is a division of authority as to whether the risk that an appeal may become moot in the absence of a stay pending appeal constitutes threatened irreparable injury. A majority of courts have held that a risk of mootness, standing alone, does not constitute irreparable harm. . . . the seriousness of that threat [of mootness] is inextricably related to the appellants' likelihood of success on the merits.) (internal quotations omitted); *see also* 9E Am. Jur. 2d Bankruptcy § 3755 (Irreparable harm can "be found where there is a risk of mooting *significant claims of error*.") (emphasis added).

[38] Renewed Emergency Motion at 2 ("The risk of equitable mootness constitutes irreparable harm. *In re Paige*, 584 F.3d 1327, 1339 (10th Cir. 2009)."); *In re River Canyon Real Estate Invests., LLC*, No. 12-20763, 2013 WL 4792277, at *5 (Bankr. D. Colo. Aug. 7, 2013) (unpublished) ("A majority of courts have held that a risk of mootness, standing alone, does not constitute irreparable harm. A minority of courts recognize mootness by itself may constitute irreparable injury, but these courts also require a showing of likelihood of success on the merits of the appeal in order to find that a stay is warranted.") (citations omitted) (citing cases).

[39] *See In re Paige*, 584 F.3d 1327, 1335–38 (10th Cir. 2009) (adopting equitable mootness as a prudential doctrine under which a court may decline to reach the merits of a bankruptcy appeal even if not constitutionally moot).

[40] Renewed Emergency Motion at 4.

appeal.

## V.  CONCLUSION

Accordingly, it is HEREBY ORDERED that the Renewed Emergency Motion is DENIED.

Dated this 14th day of January 2026.

BY THE COURT:

_____
Regina M. Rodriguez
United States District Judge